UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
NOV 2 7 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

DUSTIN P.[1],

        Plaintiff,

    v.                                                    23-CV-455 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## DECISION AND ORDER

Plaintiff Dustin P. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act (the "Act") seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 6. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt 7. Plaintiff replied. Dkt. 8. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance
Benefits ("DIB") and his application for Supplemental Security Income ("SSI"), both
filed on September 10, 2020.[2]  Tr. 255-71.[3]  Plaintiff's applications were initially
denied, and he requested a hearing before an Administrative Law Judge ("ALJ").
Tr. 253-54.  Following the hearing, at which Plaintiff was represented by counsel,
ALJ Ifeoma Iwuamadi issued a decision finding that Plaintiff was not disabled.  Tr.
107-10.  Plaintiff's request for Appeals Council review was denied.  Tr. 1-6.  Plaintiff
then commenced this action.  Dkt. 1.

## LEGAL STANDARDS

### I.   DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the
Commissioner's decision is supported by substantial evidence and whether the
correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729
F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive

---

[2] Plaintiff applied for both DIB and SSI.  To receive DIB, a claimant must show that
he or she became disabled while meeting the Act's insured status requirements.  *See*
42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022).  SSI,
on the other hand, "provides benefits to each aged, blind, or disabled individual who
does not have an eligible spouse and whose income and resources fall below a
certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C.
§ 1382(a)) (internal quotation marks omitted).  The Social Security Administration
uses the same five-step evaluation process to determine adult eligibility for both
programs.  *See* 20 C.F.R. §§ 404.1520(a)(4) (DIB), 416.920(a)(4) (SSI).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security
Administration.  All references to Dkt. 5 are hereby denoted "Tr. __."

when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). *See also Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.") (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).

## II.   <u>DISABILITY DETERMINATION</u>

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental

3

activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not

disabled.  20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3).  If the ALJ finds that the

claimant is unable to perform past relevant work, the analysis proceeds to the fifth

and final step.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is

able to perform any other relevant work corresponding with his or her RFC, age,

education, and work experience.  20 C.F.R. §§ 404.1560(c), 416.960(c).  Here, the

burden of proof shifts from the claimant to the Commissioner to prove that a

significant number of jobs in the national economy exists that the claimant can

perform given his or her RFC, age, education, and work experience.  20 C.F.R.

§§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c).  *See also Rosa v. Callahan*, 168

F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

## I.    THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful

activity since December 20, 2019, the day after Plaintiff's most recent denial.  Tr.

26.  The ALJ also found that Plaintiff suffered from the following severe

impairments: bipolar disorder, major depressive disorder, polysubstance use

disorder, hypertension, hyperlipidemia, GERD, chronic kidney disease, obesity, and

obstructive sleep apnea.  *Id.*  The ALJ concluded, however, that Plaintiff's severe

impairments did not meet or medically equal one of the listed impairments in 20

C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*

After considering the record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [Plaintiff] can climb ramps, and stairs, and climb ladders, ropes or scaffolds occasionally. [Plaintiff] is able to perform simple work-related decisions and have occasional contact with supervisors, coworkers, and the public. [Plaintiff] is also limited to occasional changes in a routine work setting.

*See* Tr. 28.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 32.  But she concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy.  *Id.*  As such, Plaintiff had not been under a disability from August 17, 2017—the onset date of Claimant's alleged disability—through August 10, 2022, which was the date of the ALJ's decision.  Tr. 33.

## II.    PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ improperly relied on her lay interpretation of raw medical evidence and should have further developed the record.  *See* Dkt 6-1 at 8-9.  Plaintiff further argues that the ALJ erred in assessing the opinion of the LCSW Felton by failing to explain how she considered the supportability and consistency factors. Dkt 6-1 at 12.  For the reasons discussed below, Plaintiff's argument lacks merit.

## III.   ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x. 53, 56 (2d Cir. 2013).  The Second Circuit has held that, where "'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity' a medical source statement or formal medical opinion is not necessarily required[.]" *Monroe v. Comm'r*, 676 F. App'x. 5, 8 (2d Cir. 2017) (quoting *Tankisi v. Comm'r*, 521 F. App'x 29, 34 (2d Cir. 2013)).  *See also Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming the Commisioner's final decision despite the lack of a medical opinion expressly discussing Plaintiff's physical limitations and the ALJ's reliance on treatment notes to formulate the RFC).

### A.  The ALJ's RFC Determination Was Supported by Substantial Evidence.

Plaintiff argues that the RFC determination was not supported by substantial evidence because the ALJ "relied on her lay interpretation of raw medical evidence" and "should have developed the record to obtain an opinion."  Dkt 6-1 at 8-9.  Plaintiff further argues that the ALJ "failed to explain how she assessed these limitations, and this failure to build a logical bridge between the medical evidence and the RFC left the decision not supported by substantial evidence."  Dkt 6-1 at 9.

To qualify under the Act, Plaintiff must be incapable of performing any substantial gainful activity due to a medically determinable physical or mental

impairment that can be expected to result in death or which has lasted, or can be expected to last, for a continuous period of at least 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The record demonstrates that Plaintiff has minor physical impairments, and he argues that "new and material evidence presented by the sleep study conducted in 2021 supports reopening the determination on the prior application." Tr. 23. From a physical standpoint, Plaintiff has reported he can play basketball, go to the gym, and drive to appointments without feeling tired, but is unable to get up when he is tired. Tr. 443, 588, 700. State agency medical consultants Dr. Stouter and Dr. Wang determined that Plaintiff had no physical limitations. *See* Tr. 31, 72, 100. The record contained ample evidence of Plaintiff's physical abilities and mental cognition over several years—much of which the ALJ relied on when crafting Plaintiff's RFC. *See Schillo v. Kajakazi*, 31 F.4th 64, 76 (2d Cir. 2022) (ALJ did not err in failing to supplement the administrative record when it consisted of medical opinions, treatment notes, two years of test results, and Plaintiff's own testimony).

Plaintiff's mental health examination findings were seemingly normal. Plaintiff told examiners that he was doing well, was not experiencing mental health symptoms, and that, upon commencing his medications, his condition improved. *See* Tr. 23-30, 74, 87, 102, 441, 443, 446, 455, 580-81, 618-88, 707-09, 716.

Substantial evidence is "evidence that a reasonable mind might accept as adequate to support a conclusion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). Plaintiff must show that no reasonable factfinder could have reached the

ALJ's conclusions based on the evidence in the record.  *See Brault v. Soc. Sec.*
*Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).  Additionally, an "ALJ generally
has an affirmative obligation to develop the administrative record." *Perez v. Chater*,
77 F.3d 41, 47 (2d Cir. 1996).  However, "where there are no obvious gaps in the
administrative record, and where the ALJ already possess a 'complete medical
history,' the ALJ is under no obligation to seek additional information in advance of
rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999)
(citation omitted).  *See also Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018)
("The ALJ is not required to develop the record any further when the evidence
already presented is adequate for [the ALJ] to make a determination as to
disability") (citation omitted).

Plaintiff asserts that the ALJ "did not have any medical opinions" when
finding Plaintiff could perform a reduced range of light work. Dkt. 6-1 at 8.  But
when assessing Plaintiff's RFC, the ALJ mentions that Dr. Stouter and Dr. Wang
both determined that Plaintiff had no physical limitations.  Tr. 31-32.  Indeed, the
ultimate RFC determination does not need to correspond "with any of the opinions
of medical sources cited in [the ALJ's] decision." *Matta*, 508 F. App'x at 56.  When
the record contains at least some evidence of a specific limitation, such as objective
medical evidence, plaintiff's testimony, and other evidence, the ALJ's highly-specific
and more restrictive RFC has been upheld and any error is harmless. *Cook v.
Comm'r of Soc. Sec.*, 830 F. App'x 108, 109-10 (2d Cir. 2020) ("[A]lthough there was
no medical opinion providing the specific restrictions reflected in the ALJ's

determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.'") (summary order).

An ALJ's RFC conclusion need not precisely match any single medical opinion in the record—so long as it is supported by substantial evidence. *Schillo v. Kijakazi,* 31 F.4th 64, 78 (2d Cir. 2022). In determining the RFC, the ALJ considered the record as a whole, accounting for opinion evidence, medical records, Plaintiff's daily activities, and Plaintiff's own testimony. If the evidence "is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982). Therefore, Plaintiff's argument, that the RFC determination was not supported by substantial evidence because the ALJ "relied on her lay interpretation of raw medical evidence" and "should have developed the record to obtain an opinion," lacks merit. Dkt 6-1 at 8. *See Matta*, 508 F. App'x at 56 ("Although the ALJ's conclusion may not perfectly correspond with any opinions of the medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

## B. The ALJ Properly Assessed the Opinion of Plaintiff's Counselor, LCSW Felton.

Plaintiff also argues the ALJ erred in assessing the opinion of LCSW Felton because she "did not explain how she considered the supportability and consistency factors." Dkt 6-1 at 12. Supportability looks at how well a medical source supported and explained his or her opinions about the patient. 20 C.F.R. §

404.1520c(c)(1). The strength of a medical opinion is increased as the relevance of the objective medical evidence and explanations increase. 20 C.F.R. § 416.920c(c)(1). Consistency is assessed by looking at whether a medical provider's findings and opinions are consistent with those of other medical providers and medical evidence. The more consistent a particular medical source/opinion is with other evidence in the medical record, the stronger that medical opinion becomes. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

Here, while the ALJ does not use the word "supportability" when discussing LCSW Felton's opinion, she states that this opinion is "less persuasive, as it is internally inconsistent and inconsistent with the record," and "the totality of the medical record, including the claimant's testimony shows that the claimant was able to regularly go to the gym, socialized with family and friends, [and] had generally retained intact mental status examinations." Tr. 31. And she considered the relevant evidence under these factors to come to a logical conclusion regarding Plaintiff's disabled status based on the entire record. *See Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (error not to explain how the ALJ considered the supportability and consistency in detail as it is not enough to state that an opinion is inconsistent with the record, but the error may be harmless and remand may not be necessary if the RFC finding is supported by the record). The relevant inquiry is whether a reviewing court can fathom the ALJ's reasoning in relation to the record evidence as a whole. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).

In crafting Plaintiff's RFC, the ALJ considered the opinions of Dr. Santarpia, LCSW Felton, Dr. Dekeon, and state agency medical expert B. Stouter, MD. The ALJ found partially persuasive the opinion of Dr. Santarpia that Plaintiff had the ability to understand, remember, and apply simple and complex directions and instructions, use reason and judgment to make work related decisions, and interact adequately with the public. Tr. 30-31. The ALJ found the opinion of LCSW Felton to be less persuasive because it was internally inconsistent and inconsistent with the record. Tr. 31. The ALJ noted inconsistencies within LCSW Felton's form responses, and discussed the notes and mental status examination findings from LCSW Felton's clinic that indicated Plaintiff's mental condition was stable. *See* Tr. 31, 441, 446, 455, 580-81, 618-88. The ALJ also found Dr. Dekeon's opinion that Plaintiff's impairments were non-severe was not persuasive because of Plaintiff's difficulties in social interaction. Tr. 31. Lastly, the ALJ was not persuaded by Dr. Stouter's opinion that Plaintiff did not have any physical limitations due to its inconsistency with the totality of the record. Tr. 31-32.

Here, the ALJ compared and considered LCSW Felton's responses in relation to the totality of the record. Tr. 31. A decision need not "follow a particular formula or incant magic words;" rather, "a reviewing court must uphold even a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Garland v. Ming Dai*, 141 S. Ct 1669, 1677, 1679 (2021) (internal quotation marks omitted). Additionally, the ALJ was not required to list and discuss every comment or piece of evidence within the Plaintiff's argument. *See Brault v. Soc. Sec. Admin., Comm'r,*

683 F.3d 443, 448 (2d Cir. 2012) ("An ALJ does not have to state on the record every reason justifying a decision. . . . An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered.") (internal quotation marks and citations omitted).

In sum, the ALJ's RFC determination is supported by substantial evidence in the record and not based on the ALJ's own lay opinion. Additionally, the ALJ did not err by failing to explain the supportability and consistency factors when discussing LCSW Felton's opinion. The ALJ relied on other credible evidence to formulate her determination and need not specifically discuss these terms to come to a logical and supported conclusion. It is sufficient when a reviewing court is "able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for

judgment on the pleadings (Dkt. 7-1) and **DENIES** Plaintiff's motion for judgment

on the pleadings (Dkt. 6-1).  The Clerk of the Court will close this case.

SO ORDERED.


Dated:        November 27, 2023
              Buffalo, New York



                        _____
                        JOHN L. SINATRA, JR.
                        UNITED STATES DISTRICT JUDGE